IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WEST VIRGINIA RIVERS COALITION,
WEST VIRGINIA HIGHLANDS CONSERVANCY,
OHIO VALLEY ENVIRONMENTAL COALITION, and
SIERRA CLUB,

        Plaintiffs,

v.                                  CIVIL ACTION NO. 3:14-24237

APPALACHIAN POWER COMPANY
d/b/a AMERICAN ELECTRIC POWER,

        Defendant.

## OPINION AND ORDER

On August 1, 2014, Plaintiffs filed the complaint initiating this action, ECF No. 1, as well as a Notice of Lodging of Proposed Consent Decree, ECF No. 4. Plaintiffs allege that discharges from Outlet 003 at Defendant's John Amos Power Plant include quantities of selenium and mercury in violation of Defendant's West Virginia/National Pollution Discharge Elimination System ("WVNPDES") Permit. Plaintiffs seek declaratory judgment, injunctive relief, and civil penalties.

The Clean Water Act ("CWA") requires that:

> No consent decree shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent decree by the Attorney General and the Administrator.

33 U.S.C. § 1365(c)(3). On September 3, 2014, the Department of Justice ("DOJ") received a copy of the proposed consent decree. On October 8, 2014, via letter by DOJ Attorney John Tustin, this

Court was notified that the United States has reviewed the proposed consent decree and has no objections thereto.

The Fourth Circuit Court of Appeals has noted that "a consent decree 'has elements of both judgment and contract,' and is subject to 'judicial approval and oversight' generally not present in other private settlements." *Szaller v. Am. Nat'l Red Cross*, 293 F.3d 148, 152 (4th Cir. 2002) (quoting *Smyth v. Rivero*, 282 F.3d 268, 279–80 (4th Cir. 2002)); *see also Local No. 93, Int'l Assn. of Firefighters, AFL-CIO v. Cleveland*, 478 U.S. 501, 519 (1986); *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 237 n. 10 (1975) (citation omitted); *Alexander v. Britt*, 89 F.3d 194, 199 (4th Cir. 1996).

It has expanded on this principle in *Smyth*, observing that a district court is to scrutinize the proposed decree and make findings prior to entry:

> Because it is entered as an order of the court, the terms of a consent decree must also be examined by the court. As Judge Rubin noted in *United States v. Miami,*
>
>> Because the consent decree does not merely validate a compromise but, by virtue of its injunctive provisions, reaches into the future and has continuing effect, its terms require more careful scrutiny. Even when it affects only the parties, the court should, therefore, examine it carefully to ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates [sic] Constitution, statute, or jurisprudence.
>
> 664 F.2d at 441 (Rubin, J., concurring). In other words, a court entering a consent decree must examine its terms to ensure they are fair and not unlawful.

*Smyth*, 282 F.3d at 280. The Fourth Circuit has further explained:

> In considering whether to enter a proposed consent decree, a district court should be guided by the general principle that settlements are encouraged. *See Durrett v. Housing Authority of City of Providence*, 896 F.2d 600, 604 (1st Cir.1990). Nevertheless, a district court should not blindly accept the terms of a proposed settlement. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir.1975). Rather, before entering a consent decree the court must satisfy itself that the agreement "is fair, adequate, and reasonable" and "is not illegal, a product of collusion, or against the public interest." *United States v. Colorado*, 937 F.2d 505, 509 (10th

> Cir.1991). In considering the fairness and adequacy of a proposed settlement, the court must assess the strength of the plaintiff's case. *See Flinn*, 528 F.2d at 1172–73. While this assessment does not require the court to conduct "a trial or a rehearsal of the trial," the court must take the necessary steps to ensure that it is able to reach "an informed, just and reasoned decision." *Id.* (internal quotation marks omitted). In particular, the "court should consider the extent of discovery that has taken place, the stage of the proceedings, the want of collusion in the settlement and the experience of plaintiffs' counsel who negotiated the settlement." *Carson v. American Brands, Inc.*, 606 F.2d 420, 430 (4th Cir.1979) (en banc) (Winter, Circuit Judge, dissenting), *adopted by Carson v. American Brands, Inc.*, 654 F.2d 300, 301 (4th Cir.1981) (en banc)(per curiam).

*United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999).

The Court first accepts the proposition that settlements are generally encouraged. A trial in this case would have consumed significant time and expense for the parties as well as a significant amount of judicial resources. Importantly, a trial likely would have delayed remediation of alleged ongoing environmental harms.

Next, the Court turns to considering the fairness, adequacy, and reasonableness of the proposed decree. The proposed consent decree provides prospective injunctive relief by requiring Defendant to achieve compliance with applicable mercury and selenium effluent limitations at Outlet 003 by a set compliance deadline. If Defendant fails to achieve compliance by the stated deadline, the proposed consent decree further includes a stipulated penalty schedule, directing that future penalties are paid to the West Virginia Land Trust. With respect to penalties for violations occurring prior to the effective date of the decree, it requires Defendant to pay a civil penalty of $4,250 to the United States and to provide $38,250 in mitigation funding to West Virginia Land Trust for land acquisition, restoration, and/or conservation activities. Finally, it requires Defendant to pay $7,500 in attorney fees and costs incurred by Plaintiffs.

In sum, the proposed consent decree requires Defendant to come into compliance with its obligations under federal law, requires the payment of penalties to the federal government, and

requires the payment of penalties—both current and potential future stipulated penalties—to the West Virginia Land Trust in support of its conservation and restoration activities. While making these commitments, Defendant does not admit the alleged violations. The Court finds this decree represents a fair compromise that adequately and reasonably addresses the alleged violations and seeks to bring Defendant into compliance with federal law.

Based on the foregoing, the Court finds that the Consent Decree is fair, adequate, and reasonable. The Court further finds that the proposed agreement is not the product of collusion and is in the public interest. In light of this conclusion, and there being no objection, the Court **ORDERS** that the Consent Decree be entered with the Court's approval on this date. With the entry of this decree, the Court **ORDERS** that this action be, and hereby is, dismissed and stricken from the active docket, with the Court retaining jurisdiction over this case as set forth in Paragraphs 8–10 of the Consent Decree. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 23, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE